# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

WILLIE GASTER, DAVIS, JR.,
ADC #109028                                                      PLAINTIFF

V.                          5:11CV00150 JLH/JTR

BARBARA A. MONTGOMERY,
Sergeant, Maximum Security Unit, et al.                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Willie Gaster, Davis, Jr., is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction.  In this *pro se* § 1983 action, he alleges

that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

On January 26, 2011, Plaintiff was convicted of two counts of using "abusive/obscene language" toward Defendant Sergeant Montgomery.[2] *See* docket entry #2 at 9. As punishment, Plaintiff was reduced in class, and he was ordered to

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] Specifically, Plaintiff called Defendant Montgomery an "ugly mother fucker." *See* docket entry #2 at 9. When Defendant Montgomery told Plaintiff she heard his statement, he responded: "That's one strike and got [sic] 2 more." *Id.*

spend thirty days in punitive isolation. *Id.* at 9-11.   Plaintiff claims that Defendants violated his constitutional rights, in three respects, in regard to that disciplinary conviction.

## A.    Plaintiff's Fourteenth Amendment Due Process Claim

First, Plaintiff contends that Defendants violated his  due process rights, under the Fourteenth Amendment, when they wrongfully found him guilty of the January 26, 2011 disciplinary charges.

A prisoner may only maintain a due process challenge to a disciplinary proceeding if he is deemed to have a liberty interest at stake.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  In *Sandin,* and its progeny, courts have held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short time.  *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*).

Similarly, an inmate does not have a liberty interest in maintaining a particular

classification level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No.  05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Because Plaintiff did not have a liberty interest affected, he did not have a Fourteenth Amendment right to due process during the disciplinary hearings. Accordingly, he has failed to state a viable Fourteenth Amendment claim.

## B.     Plaintiff's First Amendment Retaliation Claim

Second, Plaintiff makes the conclusory allegation, *without any supporting facts*, that Defendant Montgomery's allegations were false and "petty retaliation."[3] *See* docket entry #2 at 5.

The Eighth Circuit has explained that an allegedly false disciplinary charge – which is not otherwise actionable under the Fourteenth Amendment  – may be actionable if the disciplinary charge was issued in retaliation for the inmate exercising a constitutional right, such as his First Amendment right to access the courts.  *See Dixon v. Brown*, 38 F.3d 379, 379-80 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450, 451 (8th Cir. 1989).

---

[3] The Supreme Court has recently clarified that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement"  are insufficient to plead a viable claim for relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, Plaintiff has *not* alleged that Sergeant Montgomery issued the disciplinary in retaliation for him exercising *any* constitutional right.   *See Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (explaining that a retaliation claim must be based upon an allegation that the prisoner was punished for engaging in constitutionally protected activity); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (explaining that a prisoner's allegations of retaliation must be more than "speculative and conclusory").   In fact, he has not provided any facts suggesting that Defendant Montgomery had a motive for retaliating against him.   *See Antonelli v. Tipton,* Case No. 08-3123, 2009 WL 4825169 (8th Cir. Dec. 16, 2009) (unpublished decision) (affirming the preservice dismissal of a retaliation claim where a prisoner failed to allege sufficient facts from which a  retaliatory animus could be inferred); *Atkinson*, 91 F.2d at 1127 (same).

Additionally, a retaliatory discipline claim fails, as a matter of law, if there was "some evidence" to support the disciplinary conviction.   *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994) (holding that a finding that a disciplinary was based on some evidence "essentially checkmates" a retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993) (same).   In this respect, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation

is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *see also Henderson,* 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, Plaintiff's disciplinary conviction was supported by Defendant Montgomery's written statement, which the disciplinary hearing and appellate officers found to be credible. *See* docket entry #2 at 9-11 and 28. Accordingly, the Court concludes that Plaintiff has failed to state a viable First Amendment claim.

## C.      Plaintiff's Fifth Amendment Double Jeopardy Claim

Finally, Plaintiff alleges that Defendants violated his Fifth Amendment right against double jeopardy when they found him guilty of two counts of using abusive/obscene language, when he only made *one* abusive/obscene comment. Plaintiff's assertion overlooks the fact that Defendant Montgomery's written disciplinary charge accuses him of making *two* abusive/obscene comments. *See* docket entry #2 at 9.

More importantly, the federal circuit courts that have addressed the issue agree that prison disciplinary proceedings do *not* implicate the double jeopardy clause. *See Miranda-Gonzalez v. Garcia*, Case No. 00-1852, 2001 WL 725374 (1st Cir. June 27, 2001) (unpublished opinion); *Porter v. Coughlin*, 421 F.3d 141, 147-49 (2nd Cir.

2005); *United States v. Newby*, 11 F.3d 1143, 1144 (3rd Cir. 1993); *United States v. Williamson*, 469 F.2d 88, 89 (5th Cir. 1972); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996); *Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir.2006). Thus, Plaintiff has failed to state a viable Fifth Amendment violation.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.     The dismissal CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>27th</u> day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE